```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

DAVID ABUROMI,                  :   Civil Action No. 06-3682(NLH)
                                :
        Plaintiff,              :
                                :
     v.                         :   **OPINION**
                                :
UNITED STATES OF AMERICA,       :
et al.,                         :
                                :
        Defendants.             :

**APPEARANCES:**

Robert Little, Esquire
515 Valley Street
Suite 170
Maplewood, NJ 07040

Henry E. Klingeman, Esquire
Klingeman Turano, LLC
230 Main Street
2nd Floor
Madison, NJ 07940

   *Attorneys for Plaintiff*

Paul A. Blaine, Esquire
Office of the United States Attorney
401 Market Street
4th Floor
Camden, NJ 08101

   *Attorney for Defendants*

**HILLMAN**, District Judge

   This matter has come before the Court on Defendants' motion to dismiss Plaintiff's Complaint for his failure to exhaust administrative remedies.  Plaintiff opposes Defendants' motion.

   On August 7, 2006, Plaintiff, David Aburomi, an inmate serving a 63-month sentence at FCI Fort Dix, New Jersey since

July, 2003, filed a Complaint and Order to Show Cause alleging that he has not been appropriately accommodated for his sleep apnea and has not been treated for his recurrence of "lymphnodic cancer." On August 15, 2006, the Court ordered Defendants to respond in writing addressing the allegations of the Complaint, and to provide, under seal, a copy of all Plaintiff's medical records in their possession or control.

On August 29, 2006 the Court held a telephone conference on the record, and on September 8, 2006 the Court conducted an in-court status conference. On the same day as the status conference, Defendants filed a motion to dismiss Plaintiff's Complaint for his failure to exhaust administrative remedies. Defendants also informed the Court that Plaintiff was examined the day before at the St. Francis Medical Center in Trenton, New Jersey. There, Plaintiff underwent a contrast-enhanced CT scan of his neck, chest, abdomen and pelvis, and it was determined by the attending staff physician at FCI Ft. Dix that there was no recurrence of Plaintiff's Hodgkins Lymphoma. (See Docket Entry [11].)

Federal law prohibits a prisoner from bringing any action relating to his confinement until administrative remedies are exhausted. See 42 U.S.C. § 1997e(a). The exhaustion requirement is mandatory, and applies "even where the relief sought . . . cannot be granted by the administrative process." Woodford v.

2

Ngo, 126 S. Ct. 2378, 2382-83 (2006) (citing Booth v. Churner, 532 U.S. 731, 734 (2001)).  Additionally, exhaustion of available administrative remedies is required for any suit challenging prison conditions, not just for suits under § 1983.  Id. at 2383 (citing Porter v. Nussle, 534 U.S. 516, 524 (2002)).  The argument that exhausting administrative remedies would be futile is completely precluded.  Nyhuis v. Reno, 204 F.3d 65, 71 (3d Cir. 2000).

The Bureau of Prisons has established a system of administrative procedures to address prisoners' concerns.  See 29 C.F.R. § 542.10(a), (b) ("The purpose of the Administrative Remedy Program is to allow an inmate to seek formal review of an issue relating to any aspect of his/her own confinement. . . . This Program applies to all inmates in institutions operated by the Bureau of Prisons, to inmates designated to contract Community Corrections Centers (CCCs) under Bureau of Prisons responsibility, and to former inmates for issues that arose during their confinement.").  It is only when a prisoner has exhausted these procedures may he avail himself of the court system.  See Woodford, 126 S. Ct. at 2383.

Here, Plaintiff completely bypassed the administrative remedy program and instead filed a Complaint and Order to Show Cause with this Court.  It is understandable that Plaintiff would want immediate treatment for a perceived recurrence of cancer,

3

but the administrative remedy program is mandatory regardless of the nature of the relief sought. Furthermore, without complying with the program, Plaintiff precluded the staff at FCI Fort Dix--the people in the best position to provide Plaintiff with immediate assistance--from being able to formally address his concerns.

During the pendency of Plaintiff's action and Defendant's motion, Plaintiff was seen by a hospital's radiology department and it was determined by prison physicians that there was no recurrence of Plaintiff's cancer and no additional treatment was needed. If, however, Plaintiff is not satisfied with this result, or if he wishes to pursue his concerns regarding his sleep apnea, he must follow the prison's administrative procedures. Because he has not followed the administrative remedy program, his Complaint must be dismissed. An appropriate Order will issue.

Dated: October 17, 2006                s/ Noel L. Hillman

At Camden, New Jersey                  NOEL L. HILLMAN, U.S.D.J.